IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Sumter, #278658, | ) | |
| | ) | C.A. No. 4:16-0739-HMH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Eric Sumter's ("Sumter") untimely objections to the Report and Recommendation of the magistrate judge, which the court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Sumter's motion.

On December 13, 2016, Magistrate Judge Thomas E. Rogers, III, recommended granting Respondent's motion for summary judgment and dismissing Sumter's 28 U.S.C. § 2254 petition. (R&R, ECF No. 36.) Objections to the Report and Recommendation were due by December 28, 2016. After receiving no timely objections and determining that there was "no clear error on the face of the record," Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the court adopted the Report and Recommendation and granted the Respondent's motion for summary judgment in an order dated January 5, 2017. (Jan. 5, 2017 Order, ECF No. 41.) Sumter filed objections to the Report and Recommendation, which he dated January 1, 2017, and were stamped received by the prison mailroom on January 5, 2017. (Mot. Alter or Amend 4, Ex.1 (Envelope), ECF Nos. 44 & 44-1.) Even accepting the

1

date on the objections, the objections are untimely.  See Djensevic v. U.S. Dep't of Justice, No. 15-6076, 604 Fed. App'x 328, 328 (Mem.) (4th Cir. Jun. 16, 2015) (unpublished) (holding that, under the prison mailbox rule, the date the inmate delivers a legal document to prison officials for mailing, rather than the date prison officials process the deposited mail, is the date of filing).  Sumter gives no excuse or reason for his tardiness, nor does the court find any cause for his delay.  Therefore, the court construes Sumter's untimely objections as a motion to alter or amend the judgment.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  Id. (internal citation and quotation marks omitted).

Sumter argues that the court's finding that his counsel was not ineffective for conceding during closing arguments that Sumter purchased drugs is contrary to Florida v. Nixon, 543 U.S. 175 (2004), and that the court erred in finding that Sumter failed to demonstrate there was cause to consider his otherwise procedurally barred ineffective assistance of counsel claims.  (Mot. Alter or Amend J., generally, ECF No. 44.)  Upon review, the court finds no error in its January 5, 2017 Order adopting the Report and Recommendation.  In the Report and Recommendation, the magistrate judge accurately set forth and applied the law applicable to

Sumter's ineffective assistance claims, including the law under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Nixon</u>, and thoroughly summarized the facts relevant to his claims. Further, the magistrate judge properly applied the test for excuse of procedural default set forth in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). Based on the foregoing, the court finds that Sumter has made no showing of error in the court's January 5, 2017 Order. Therefore, Sumter's motion is denied.

It is therefore

**ORDERED** that Sumter's motion to alter or amend the judgment, docket number 44, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 17, 2017

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.