IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Eric Sumter, #278658,                          )
                                               )        C.A. No. 4:16-0739-HMH-TER
                        Petitioner,            )
                                               )
        vs.                                    )        **OPINION & ORDER**
                                               )
Warden, Lieber Correctional Institution,       )
                                               )
                        Respondent.            )


        This matter is before the court on Eric Sumter's ("Sumter") motion for relief from

judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

        The court previously adopted the Report and Recommendation and summarily

dismissed Sumter's § 2254 petition in an order dated January 5, 2017. (Jan. 5, 2017 Order,

ECF No. 41.) Although not received by the court until January 9, 2017, Sumter filed

objections to the Report and Recommendation dated January 1, 2017, which the court treated

as a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil

Procedure. (Mot. Alter or Amend, ECF No. 44.) The objections were stamped received by the

prison mailroom on January 5, 2017.[1] On January 17, 2017, the court denied Sumter's motion,

finding that his objections were untimely. (Jan. 17, 2017 Order, ECF No. 45.) On January 23,

2017,[2] Sumter filed the instant motion. (Mot. Relief J., ECF No. 48.) Respondent filed a

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] See Id.

1

response on February 8, 2017.  (Resp. Opp'n Mot. Relief J., ECF No. 49.)  This matter is now ripe for consideration.

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice."  Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted).  "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances."  Id. at 102.  Sumter argues that exceptional circumstances exist because he is legally blind and was unable to access the prison mail room due to the prison being on an emergency lock down following several incidents.  (Mot. Relief J. 2, ECF No. 48.)

The Report and Recommendation was served on December 13, 2016, and objections were due on January 3, 2017.[3]  Sumter dated his objections January 1, 2017, and alleges that he could not deliver his objections to the prison mailroom due to circumstances beyond his control.  (Id., ECF No. 48.)  Affording Sumter the benefit of the doubt, Sumter filed timely objections.  Therefore, Sumter has demonstrated exceptional circumstances and the court grants Sumter's Rule 60(b) motion.  Further, the court vacates its January 5 and January 17 orders, and will consider his objections to the Report and Recommendation.

---

[3] Objections to the Report and Recommendation are due within fourteen days of service.  Fed. R. Civ. P. 72(b).  Because Sumter is a pro se prisoner, service is accomplished by mail.  Pursuant to Rule 6(d), three days are added to the time to respond.  Additionally, if the last day falls on a Saturday, Sunday, or legal holiday, the deadline is extended until the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(1)(C).  December 31, 2016, was a Saturday.  Further, Monday, January 2, 2017, was a federal holiday.  Therefore, Sumter's objections were due January 3, 2017.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Sumter is currently incarcerated in Lieber Correctional Institution, a South Carolina Department of Corrections facility.  In October 2008, Sumter was indicted in South Carolina state court for trafficking cocaine.  (Mem. Supp. Mot. Summ. J. Ex. 2 (State Ct. Docs. 161), ECF No. 23-2.)  After a jury trial, Sumter was found guilty on October 19, 2010.  (Id. Ex. 2 (State Ct. Docs. 161), ECF No. 23-2.)  Sumter was sentenced to twenty-five years' imprisonment and fined $50,000.00.  (Id. Ex. 2 (State Ct. Docs. 161), ECF No. 23-2.)

Sumter appealed his conviction on October 19, 2010.  (Id. Ex. 4 (Notice of Appeal), ECF No. 23-4.)  The South Carolina Court of Appeals affirmed Sumter's conviction in an opinion dated October 10, 2012.  (Id. Ex. 7 (Oct. 10, 2012 Order), ECF No. 23-7.)  On January 3, 2013, Sumter filed an application for post-conviction relief ("PCR") raising ineffective assistance of counsel claims on the following grounds:

> 10(A) Trial counsel failed to challenge the sufficiency of the subject indictment prior to taking of evidence in contravention of the Fifth Amendment and South Carolina Law.
>
> 11(a) Trial counsel failed to timely object to the sufficiency of the indictment which did not specifically allege the essential element of conspiracy with co-defendant Tiffany Deas, who was the person in possession of the drugs.
>
> 10(b) Trial counsel failed to move for dismissal or directed verdict where Applicant was not in possession of the drugs for which he was arrested and indicted.
>
> 11(b) Applicant was not in possession of drugs and was not charged with conspiracy as an element of the offense and counsel failed to move for directed verdict upon these deficiencies.
>
> 10(c) Trial counsel failed to object to the solicitor leading a witness.

3

11(c) Trial counsel did not object to the Solicitor leading the co-defendant state witness (Deas) during direct testimony to justify her knowledge of and presence at a known drug dealer's apartment where Deas was the person in possession of the drugs.

10(d) Trial counsel failed to object to the Solicitor testifying for, vouching for, and pitting witnesses.

11(d) In opening statements, the Solicitor testified as to what witnesses would say specifically; vouched for the credibility of the state's witness Tiffany Deas; and pitted the future testimony of Deas against the anticipated absence of Applicant's testimony, and trial counsel failed to object.

10(e) Trial counsel failed to object to the solicitor eliciting testimony regarding alleged prior bad acts of Applicant.

11(e) During direct examination of state witness Tiffany Deas, the Solicitor elicited testimony that implied Applicant was previously engaged in drug trafficking, which was not properly before the jury, and counsel failed to object.

10(f) Trial counsel failed to object to the Solicitor bolstering witness testimony.

11(f) During closing arguments the Solicitor bolstered the testimony of Tiffany Deas that the drugs she had in her possession were not hers, but the Applicant's; and counsel failed to object.

10(g) Trial counsel conceded the guilt of Applicant during trial thus depriving him of representation.

11(g) During his closing argument[,] trial counsel conceded the guilt of Applicant to the jury when he told the jury Applicant was "just some wretched soul who had some cocaine," which negated Applicant's defense and deprived him of a fair trial.

10(h) Trial counsel failed to object or move for a directed verdict where essential elements of the state's case were not proven.

11(h) Trial counsel did not object or move for directed verdict concerning the essential elements of actual or constructive possession not being shown.

(Mem. Supp. Mot. Summ. J. Ex. 2 (State Ct. Docs. 95-97), ECF No. 23-2.)  An evidentiary

hearing was held on May 20, 2014.  (Id. Ex. 2 (State Ct. Docs. 107-58), ECF No. 23-2.)  On

July 16, 2014, the PCR court denied Sumter's PCR application.  (Id. Ex. 2 (State Ct.

Docs. 160-77), ECF No. 23-2.)  Sumter filed a petition for writ of certiorari with the South

Carolina Supreme Court on July 18, 2014.  (Id. Ex. 9 (Pet. Writ of Cert.), ECF No. 23-9.)  On

October 8, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari.

(Id. Ex. 12 (Oct. 8, 2014 Order), ECF No. 23-12.)

Sumter, acting pro se, filed the instant federal petition for writ of habeas corpus on

March 7, 2016, raising ineffective assistance of counsel claims.  (§ 2254 Pet., ECF No. 1.)  On

December 13, 2016, Magistrate Judge Rogers issued a Report and Recommendation

recommending granting Respondent's motion for summary judgment and denying Sumter's

petition.  (R&R, ECF No. 36.)  On January 1, 2017,[4] Sumter filed objections to the Report and

Recommendation.  (Objs., ECF No. 44.)

## II.  DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of

the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary

will not be counted."  Id. at 248.

---

[4] See Houston v. Lack, 487 U.S. 266 (1988).

5

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint,

397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).

Further, "an 'unreasonable application of federal law is different from an incorrect application

of federal law,' because an incorrect application of federal law is not, in all instances,

objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a

petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his

claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392

F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Sumter filed objections to the Report and Recommendation. Objections to the Report

and Recommendation must be specific. Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation

is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th

Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

magistrate judge, this court is not required to give any explanation for adopting the

recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the

court finds that many of Sumter's objections are non-specific, unrelated to the dispositve

portions of the magistrate judge's Report and Recommendation, or merely restate his claims.

However, the court was able to glean several specific objections.

Specifically, Sumter objects that the magistrate judge erred in finding that (1) the PCR

court reasonably concluded that trial counsel was not ineffective for conceding during closing

that Sumter had purchased drugs, and (2) Sumter failed to demonstrate cause to excuse

procedural default of his ineffective assistance claims relating to the state's failure to identify a

confidential informant; failure to disclose an alleged plea agreement with a witness, Tiffany

Deas ("Deas"); and failure to request a curative instruction for a sustained hearsay objection.

(Objs., generally, ECF No. 44.)

### 1. Ineffective Assistance of Counsel

Sumter objects that the magistrate judge erred in finding that the PCR court's

determination that trial counsel's concession that Sumter had "bought some drugs from a big

time place" was based upon a valid trial strategy and was not unreasonable or contrary to

clearly established law. (Id. at 1, ECF No. 44.) In order to successfully challenge a conviction

or sentence on the basis of ineffective assistance of counsel, Sumter must demonstrate that his

counsel's performance fell below an objective standard of reasonableness, and that he was

prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S.

668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order

to prove prejudice, Sumter must "show there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Sumter argues that trial counsel's admission that Sumter had purchased drugs was a

concession of guilt. (Objs. 1, ECF No. 44.) As a result, Sumter argues that the magistrate

judge's finding that the PCR court did not err in finding that trial counsel was not ineffective is

contrary to Florida v. Nixon, 543 U.S. 175 (2004). (Id., ECF No. 44.) In Nixon, the Supreme

Court held that, while a defendant "has 'the ultimate authority' to determine 'whether to plead

guilty, waive a jury, testify in his or her own behalf, or take an appeal," trial counsel's strategy

to concede guilt does not automatically render counsel's performance deficient.  Nixon,

543 U.S. at 187-92.  Instead, counsel's effectiveness is determined under the standard

established in Strickland.  Id. at 192.

> During closing arguments, trial counsel argued to the jury:
>
> You know, I've been at this for forty-three years and have never heard the State of South Carolina refer to the constitutional process as a game.  That's what this is, a constitutional process, and for the State to say it's a game, you know, I don't know.  I'm kind of slow.
>
> For a number of years we had a farm down in Colleton County, and on that farm we had horses.  And it took me twenty-one years to figure out that something that ate while I slept was not an investment.  And so when the State got up here and said in their opening argument to you, got a contract with you, we're going to show you about some big-time stuff here, promised you that – and what did they do?  They gave you two people, two wretched people, who bought some drugs from a big-time place and now they want the penalty and the verdict of guilty of that and that the problem of this is all you're going to have to decide is trafficking or nothing, you know.
>
> And when he said, I'm going to stop, was he talking about stopping [sic] – did he say stopping distributing drugs?  Or is he talking about, I'm going to stop using cocaine?  The implication – the problem is you've got to decide that.  That's your job.
>
> And, remember, they had Detective Euper qualified as a witness on local drug trade.  What is the sale quantity?  About 3.4 grams.  I mean, what was purchased was a twenty-day supply for a person who uses.  A twenty-day supply.  What their expert said.
>
> The problem with it – deciding what to do with these cases – and it's a tough job, by the way, is that you have to take all these things – and the judge is going to tell you if I say anything about the law that is different from what Her Honor tells you, by all means you take what she says.  But you decide the facts.

And are the facts, just because the quantity is good enough, for you to determine that he should be convicted of trafficking?

Remember their promise to you. They promised in opening argument, we're going to show you how we go after the big people; and what have they got? They've got two people in a red car, stopped on the side of the highway, and who went to that apartment one time.

Remember they had the surveillance or what-have-you? One time. And, unfortunately, you're not going to be given the choice of other charges that could fall in this case. You're only going to have to decide the one charge of trafficking. And it's not a game. This is a proceeding with consequences. And it means something. It means something under the constitution.

(Mem. Supp. Mot. Summ. J. Ex. 2 (State Ct. Docs. 265-67), ECF No. 23.-2.) At the PCR

hearing, trial counsel testified that his comments regarding Sumter's purchase of drugs were

not a concession that Sumter was guilty of trafficking cocaine; instead, he claimed that they

were a part of a trial strategy designed to give the jury an alternative to finding Sumter guilty of

trafficking. (Id. Ex. 2 (State Ct. Docs. 122), ECF No. 23-2.) Specifically, trial counsel testified

if you read my closing statement, one of the things that I was – see, here's the problem. The case was one of trafficking. They presented one of their officers. And the Courts – with all due respect to the bench, the judges let them present these officers as, quote, experts on drug trade. And so I was able to elicit the testimony on cross-examination, I believe, from the officer, that the drugs found might have been sufficient for the trafficking offense but basically they were – there was also a smaller enough quantity for someone who is a user. So I did not think arguing that if you want to find that he was in possession of these drugs, that it was for his own use, and that it was possession and not trafficking, and you folks on the jury are only concerned with one thing, and that is trafficking, and if you find that he's guilty of something less than that, that's not before you, you have to find him not guilty. So, in a manner of conceding that, I guess you could say I conceded that particular point.

(Id. Ex. 2 (State Ct. Docs. 143-44), ECF No. 23-2.) Based upon trial counsel's testimony, the

PCR court found that

Counsel was not deficient and did not concede the Applicant's guilt at trial. This Court finds Counsel's statements during closing were not a concession of guilt, but an attempt by Counsel to minimize the deficits in the Applicant's defense and argue an alternate finding if the jury concluded that the State failed to meet its burden of proof on the Trafficking offense. Counsel provided credible testimony that his strategy was to argue to the jury that they should not find the Applicant guilty of trafficking solely based on the quantity of drugs found. Counsel argued to the jury that if they believed the State met their burden of proof as to actual or constructive possession that the Applicant did not intend to traffic the drugs and the quantity could have been for personal use. This Court finds Counsel's strategy and argument was valid in light of testimony the defense elicited from Officer Euper on cross-examination that 100 grams could be one month's supply of cocaine for one person. This Court further finds Counsel's argument was an attempt to provide the jury with an alternative to trafficking that would not result in a guilty verdict and that Counsel's strategy was helpful to the Applicant's defense, not prejudicial. This Court finds the Applicant has failed to carry his burden of proving Counsel provided ineffective assistance of counsel for the statements he made at trial during closing argument.

(Id. Ex. 2 (State Ct. Docs. 175-76), ECF No. 23-2.) The PCR court stated that it based its conclusions on specific findings in the record, such as the testimony of Officer Euper regarding the possibility of personal use, and a finding that trial counsel provided valid legal strategy for his closing. (Id. Ex. 2 (State Ct. Docs. 175-76), ECF No. 23-2.) Further, the PCR court found trial counsel's testimony credible. (Id. Ex. 2 (State Ct. Docs. 169), ECF No. 23-2.)

"Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995). "For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (internal citations and quotation marks omitted). In order to successfully challenge the PCR court's credibility determination, Sumter must demonstrate that the court made a stark and clear error. Cagle v. Branker, 520 F.3d 320,

324 (4th Cir. 2008).  "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."  Id. Mere disagreement with a state court's credibility determination is not enough; rather, the federal court must determine that the state court's determination was wrong and "objectively unreasonable in light of the evidence presented."  Merzbacher v. Shearin, 706 F.3d 356, 367 (4th Cir. 2013).

Upon review, Sumter has not demonstrated that the PCR court made a stark and clear error in finding trial counsel credible.  Moreover, the PCR court's determination that trial counsel's approach was a sound trial strategy is supported by the record.  Trial counsel did not concede the ultimate issue of guilt and instead attempted to argue that, at most, Sumter was guilty of a lesser-offense which was not charged.  Based upon the record, the PCR court's decision is consistent with Nixon.  In Nixon, the Supreme Court held that even in cases where counsel concedes guilt, the test for ineffective assistance of counsel is still the Strickland test. Nixon, 543 U.S. at 192.  In the instant case, the PCR court properly applied the Strickland test and found that trial counsel was not ineffective.  Therefore, the magistrate judge did not err in finding that the PCR court's conclusion that trial counsel was not ineffective was reasonable and not contrary to clearly established law.  As a result, Sumter's objection is without merit.

### 2. Procedurally Defaulted Claims

### a. Failure to Discover Identity of Criminal Informant

Sumter objects that the magistrate judge erred in finding that there is no cause to excuse procedural default for Sumter's claim of ineffective assistance relating to trial counsel's failure to discover the identity of a confidential informant.  (Objs. 3, ECF No. 44.)  Sumter argues that

12

cause exists sufficient to satisfy the requirements established in Martinez v. Ryan, 132 S. Ct. 1309 (2012), because the state's failure to disclose the identity of the confidential informant was a violation of the its duty to disclose exculpatory or impeaching information, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and PCR counsel's failure to raise this ground was ineffective assistance of counsel. (Objs. 2-3, ECF No. 44.)

Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1). In Martinez, the Supreme Court held that ineffective assistance of PCR counsel "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at 1315. To establish cause for excuse under Martinez, Sumter must demonstrate that (1) PCR counsel was ineffective under Strickland, and (2) "the underlying ineffective assistance-of-counsel claim is a substantial one," which is to say that the prisoner must demonstrate that the claim has some merit. Id. at 1318. "A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (2006) (per curiam). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 870 (internal quotation marks omitted). "An individual asserting a *Brady* violation must demonstrate that evidence: (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching." Riddle v. Ozmint, 631 S.E.2d 70, 73 (S.C. 2006) (citing Kyles v. Whitley, 514 U.S. 419 (1995)). Evidence is material if it "could reasonably be taken to put

the case in such a different light as to undermine confidence in the verdict." Strickler v. Green, 527 U.S. 263, 290 (1999).

In regard to the identity of a confidential informant, the defendant bears the burden of showing a material need for the disclosure of the confidential informant's identity. Rugendorf v. United States, 376 U.S. 528, 534-35 (1964). "[T]he Fourth Circuit has instructed that a defendant must present concrete reasons supporting disclosure of an informant's identity." United States v. Brown, 178 F.R.D. 88, 89 (W.D. Va. 1998) (citing United States v. D'Anjou, 16 F.3d 604, 609-10 (4th Cir. 1994); United States v. Pitt, 382 F.2d 322, 325 (4th Cir. 1967)). Moreover, "[t]he defendant must come forward with something more than mere speculation as to the usefulness of such disclosure." United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985).

In the instant case, Sumter argues that the state's failure to disclose the identity of the confidential informant was prejudicial because he argues that the confidential informant's statements were the basis for his arrest. (Objs. 2-3, ECF No. 44.) Further, Sumter alleges that the confidential informant received favorable treatment in exchange for his cooperation. (Id., ECF No. 44). Therefore, Sumter submits that had trial counsel discovered the identity of the confidential informant, he could have challenged the confidential informant's credibility based on the benefit received from cooperating and the fact that the confidential informant allegedly lived in a location for drug distribution. (Id., ECF No. 44.)

Upon review, the court finds that Sumter has failed to demonstrate that the identity of the confidential informant was material to his conviction. Irrespective of Sumter's arguments about the confidential informant, independent cause existed for Sumter's initial detainment,

14

arrest, and conviction. After a vehicle in which Sumter was a passenger left an apartment suspected of being used for drug dealing, Detective Jack Frost ("Frost") of the Charleston County Sheriff's Office followed the vehicle and observed several traffic violations. (Mem. Supp. Mot. Summ. J. Ex. 1 (State Ct. Docs. 64), ECF No. 23-1.) Based upon his observations, Frost requested that Detectives Thomas Costanzo ("Costanzo") and Andrew Miller ("Miller"), conduct a traffic stop. (Id. Ex. 1 (State Ct. Docs. 64), ECF No. 23-1.)

Miller initiated a traffic stop and obtained Deas' permission to search the vehicle. (Id. Ex. 1 (State Ct. Docs. 111-12), ECF No. 23-1.) Costanzo testified that, upon searching the vehicle, he found a digital scale with a white powder in the passenger seat in which Sumter had been sitting. (Id. Ex. 1 (State Ct. Docs. 125), ECF No. 23-1.) Costanzo conducted a field-test and determined that the powder presumptively tested for cocaine. (Mem. Supp. Mot. Summ. J. Ex. 1 (State Ct. Docs. 127), ECF No. 23-1.) Based upon his findings, Costanzo arrested Sumter. (Id. Ex. 1 (State Ct. Docs. 130), ECF No. 23-1.) Deas was arrested on an outstanding bench warrant. (Id. Ex. 1 (State Ct. Docs. 112), ECF No. 23-1.) Deas was searched upon her arrival at the Charleston County Detention Center, at which time several bags containing cocaine were found. (Id. Ex. 1 (State Ct. Docs. 131-35), ECF No. 23-1.) Deas' possession of the cocaine was the basis for Sumter's trafficking charge.

As a result, the identity of the state's confidential informant was not material to Sumter's case. Whether the location Sumter left immediately before being arrested actually was a known location for drug dealing does not impact Deas' possession and subsequent testimony regarding the cocaine. Sumter has not demonstrated that information regarding the confidential informant would negate or alter the evidence regarding his constructive possession

of the cocaine. Thus, he has failed to demonstrate that information regarding the confidential informant was useful. As a result, Sumter has failed to demonstrate that a <u>Brady</u> violation was committed or that PCR counsel was ineffective for failing to raise this argument and Sumter's objection is without merit.

### b. Failure to Disclose Alleged Plea Deal

Sumter objects to the magistrate judge's finding that there is no cause to excuse the procedural default of his <u>Brady</u> claim alleging the state erred in not disclosing an alleged plea deal between Deas and the State. (Objs. 2-3, ECF No. 44.) In support of his argument that a deal existed, Sumter submits that because Deas received a reduced charge from trafficking to possession and received a six-month sentence after testifying against him, there is circumstantial evidence a plea deal existed. (<u>Id.</u> at 2, ECF No. 44.) However, Sumter's argument is not supported by the record.

Trial counsel testified during the PCR hearing that he had filed discovery requests pursuant to <u>Brady</u> and Rule 5 of the South Carolina Rules of Criminal Procedure and that he had reviewed the State's responses with Sumter. (<u>Id.</u> Ex. 2 (State Ct. Docs. 134-35), ECF No. 23-2.) During the trial, counsel cross-examined Deas about whether she had received a plea deal from the state multiple times, which she denied. (<u>Id.</u> Ex. 2 (State Ct. Docs. 26-27), ECF No. 23-2.) There is no evidence that the state withheld any plea agreement with Deas. Therefore, Sumter has failed to demonstrate that PCR counsel was constitutionally ineffective or that the underlying ineffective assistance of counsel claim was substantial. As a result, the magistrate judge did not err in finding that Sumter failed to demonstrate there was excuse for his procedural default and Sumter's objection is without merit.

### c. Failure to Request Curative Instruction

Sumter objects that the magistrate judge erred by not finding that his procedural default should be excused in regard to his claim that trial counsel was ineffective for failing to request a curative instruction for a sustained hearsay objection.  (Objs. 3-4, ECF No. 44.)  As the magistrate judge found, Sumter did not respond to Respondent's argument in support of summary judgment on this ground and therefore Sumter has conceded this claim.  (R&R 28, ECF No. 36.)  However, even if Sumter had not conceded this claim, it is without merit.

Sumter argues that trial counsel was ineffective because he failed to request a curative instruction for a sustained hearsay objection with respect to the following testimony:

> SOLICITOR:  And this may seem obvious, but working in the metro narcotics unit, why are – why is this location under surveillance?
>
> MR. EUPER: We received information about a drug dealer on –
>
> TRIAL COUNSEL: Objection, Your Honor.
>
> MR. EUPER:  – two occasions –
>
> TRIAL COUNSEL: Hearsay.
>
> SOLICITOR: I'll go ahead and continue, Your Honor.
>
> THE COURT: All right. Sustained as to hearsay.

(Objs. 3-4, ECF No. 44 (quoting Mem. Supp. Mot. Summ. J. Ex. 1 (State Ct. Docs. 57), ECF No. 23-1).)  As the magistrate judge found, the solicitor's question did not call for hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  S.C. R. Evid. 801(c).  "An out of court statement is not hearsay if it is offered for the limited purpose

17

of explaining why a government investigation was undertaken." <u>Caprood v. State</u>, 525 S.E.2d 514, 518 (S.C. 2000).  In the instant case, the question and answer provided were designed to explain why a government investigation was undertaken, rather than to prove that the location was being used for drug trafficking.  Therefore, regardless of the trial court's finding, the statement was not hearsay.  As a result, PCR counsel was not ineffective for failing to raise this issue at the PCR hearing.  Thus, this objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.  Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Sumter's habeas petition with prejudice.

It is therefore

**ORDERED** that Sumter's motion for relief from judgment, docket number 48, is granted.  It is further

**ORDERED** that the previous order adopting the Report and Recommendation and dismissing the case, dated January 5, 2017, docket number 41, is vacated.  It is further

**ORDERED** that the previous order denying Sumter's motion to alter or amend the judgment, dated January 17, 2017, docket number 45, is vacated.  It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 24, is granted and Sumter's habeas petition is dismissed with prejudice.  It is further

**ORDERED** that a certificate of appealability is denied because Sumter has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


                              s/Henry M. Herlong, Jr.
                              Senior United States District Judge


Greenville, South Carolina
February 16, 2017


**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.